IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDON LEE STEVENS,

        Plaintiff,

   vs.

DIANA HARTLEY, et al.,

        Defendants.

CIVIL ACTION
No. 11-3105-SAC

_____

**MEMORANDUM AND ORDER**

    This matter is before the court on a civil rights action filed by a person detained at the Leavenworth Detention Center operated by the Corrections Corporation of America.

    Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. As amended on April 26, 1996, § 1915(a)(1) requires a prisoner seeking to bring a civil action without prepayment of fees to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements.

    As amended, § 1915(a)(2) requires an inmate also to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is

or was incarcerated. Plaintiff has not yet submitted this information. Although plaintiff asks the court to accept the financial records he submitted in an earlier filing, Case No. 10-3227, because those records were prepared in November 2010, the court finds they are not suitable for use in determining plaintiff's present status under 28 U.S.C. § 1915(a)(1). The court therefore will direct plaintiff to supplement the record with current financial information.

Next, because plaintiff proceeds pro se, the Court must "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt,* 472 F.3d 1242, 1243 (10th Cir. 2007)(citations omitted). However, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 110 (10th Cir. 1991). The complaint in this matter identifies two defendants, namely, Diana Hartley, the food service director at the facility, and Warden Sheldon Richardson. Because the complaint does not identify the specific personal participation of defendant Richardson, the court will direct plaintiff to supplement the complaint with an explanation of how this defendant participated in the alleged violation of plaintiff's protected rights.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff shall supply the court on or before July 18, 2011, with a certified

2

copy of his institutional financial records for the six months preceding June 2011 from all facilities in which he was housed during that period.

IT IS FURTHER ORDERED plaintiff is granted to and including July 18, 2011, to supplement the complaint to explain the personal participation of defendant Richardson in the events alleged to have violated plaintiff's rights.

IT IS FURTHER ORDERED the failure to file a timely response may result in the dismissal of this action without further notice to plaintiff.

**IT IS SO ORDERED.**

DATED: This 16th day of June, 2011, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge